# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:14-CR-38-HAB<br>1:19-CV-161 |
| MIGUEL VERDUZCO VELAZQUEZ | |

## OPINION AND ORDER

Pending before the Court is the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) [ECF No. 78]. Upon this Court's initial review of the Motion, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will dismiss the Motion as untimely.

## ANALYSIS

A court must give a § 2255 motion prompt initial review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of Rules Governing Section 2255 Cases.

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy

to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, *id.* § 2255(f)(2)–(4).

The Defendant's judgment of conviction was entered on June 23, 2016, and no appeal was taken. He filed his Motion to Vacate on November 16, 2018. Recognizing that his Motion would otherwise be untimely under § 2255(f)(1), the Defendant contends that is deadline is governed by subsection (f)(4). The Defendant asserts that the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), shows that it was plain error for the Court to rely on certain Guideline enhancements to determine his sentence. Ignoring for a moment that the Defendant has not attempted to explain when he discovered, or through the exercise of due diligence could have discovered, the *Nelson* case, there is a larger problem. He has not presented a "fact" as that term is understood under subsection (f)(4). What the Defendant appears to be

arguing is that *Nelson* established a new legal basis for his claim. Changes in the law do not fit within the purview of subsection (f)(4). *See Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (finding that under § 2244(d)(1)(c), a parallel limitations provision to § 2255(f)(4), state court rulings that modify the substantive law do not constitute a "factual predicate"). A court decision can only serve as "fact" within the meaning of § 2255(f)(4) if it is handed down within the petitioner's "own litigation history [and] change[s] his legal status." *Id.* at 575–76 (noting that a fact is "subject to proof or disproof"). "Construing every substantive change in the law as a new 'fact' for the purposes of § 2255(f)(4) would render meaningless the limitations provision under § 2255(f)(3), which provides that § 2255 motions may be filed within one year of a retroactive change in the law as pronounced by the Supreme Court." *Seals v. United States*, 2009 WL 1108482, at * 2 (S.D. Ill. Apr. 24, 2009). Accordingly, because the Defendant has not pointed to any "facts" within his own litigation history that are subject to proof of disproof, his Motion cannot be deemed timely under § 2255(f)(4).

Additionally, the Court notes that there are no grounds for equitable tolling; there is no suggestion that the Defendant has been pursuing his rights diligently, nor has he cited to "extraordinary circumstances" that stood in the way of a timely filing. *See Holland v. Florida*, 560 U.S. 631 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing and the defendant has been "pursuing his rights diligently"). "[E]quitable tolling is rarely granted." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). In any event, *Nelson* did not bring about the substantive change the Defendant urges. It does not support the Defendant's claim that the sentencing court committed plain error when it applied enhancements under the Sentencing Guidelines for maintaining a drug involved premises and for possessing a dangerous weapon.

The defendants in *Nelson* were convicted, sentenced, and ordered to pay court costs, fees, and restitution. 137 S. Ct. at 1252–53. Even though these convictions were later reversed with no subsequent convictions, the state retained a portion of the defendants' money and would not return the funds unless the defendants could prove his or her innocence by clear and convincing evidence. *Id.* at 1254–55. The Supreme Court concluded that this procedure violated a defendant's due process rights: "[O]nce those convictions were erased, the presumption of innocence was restored" and the state, thus, could not retain funds based on the invalidated convictions. *Id.* at 1255–56.

The *Nelson* case did not discuss, at any level, the use of relevant conduct at sentencing. It did not overturn the long-standing rule that courts can consider uncharged conduct, so long as that conduct has been proved by a preponderance of the evidence and fits within the definition of relevant conduct. *See, e.g.*, *United States v. Watts*, 519 U.S. 148, 157 (1997) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."); *United States v. Holton*, 873 F.3d 589, 591–92 (7th Cir. 2017) (noting that courts may properly rely on facts at sentencing pertaining to uncharged or acquitted conduct). Therefore, even if the Defendant's claim was not foreclosed by the statute of limitation, he would not be entitled to relief.

**CERTIFCATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that the Defendant's Motion is timely. As discussed above, the Defendant has no way around the statute of limitations, and he has not presented any extraordinary circumstances justifying equitable relief. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) [ECF No. 78] and DECLINES to issue a certificate of appealability.

SO ORDERED on May 9, 2019.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT